IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-386-D

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENTRELL VENABLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 6, 2021, Magistrate Judge Swank issued a Memorandum and Recommendation ("M&R") [D.E. 57] recommending that the court deny Kentrell Venable's ("Venable" or "defendant") motions to suppress [D.E. 25, 35]. On January 20, 2021, Venable objected to the M&R [D.E. 61].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Venable's objections. As for those portions of the M&R to which Venable made no objection, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which Venable objected.

Venable objects to Judge Swank's findings concerning the October 30, 2018 incident that: (1) only Detective Williams testified he saw a woman approach the vehicle and only after she walked off, did Detective Williams draw the attention of other officers; and (2) Sergeant Batchelor testified on cross he did not see the alleged transaction and was not watching until Detective Williams drew his attention. See Def.'s Objections [D.E. 61] 1; M&R [D.E. 57] 13–15.

Venable also objects to Judge Swank's findings concerning the December 1, 2018 incident: (1) that after ALE Agent Cates secured Venable, any presumed danger was removed and the officers should have applied for a search warrant; defendant contends there was insufficient evidence presented at the hearing to determine Alexander gave consent to search her vehicle; and (2) that the government relied upon the verbal consent allegedly given by Alexander. See Def.'s Objections [D.E. 61] 1; M&R [D.E. 57] 15–17.

The court has reviewed the M&R, the record, and defendant's objections de novo. As for the October 30, 2018 incident, the court agrees with Judge Swank's conclusions and notes that Williams's observation of what he perceived to be a hand to hand drug sale provided reasonable suspicion. Moreover, as Judge Swank explained, once the officers looked inside the Malibu, Detective Williams and Sergeant Batchelor observed what appeared to be heroin and cash in plain view. As for the December 1, 2018 incident, Judge Swank did not reach the consent issue. Instead, Judge Swank properly found that Venable had no reasonable expectation of privacy in the Impala. Alternatively, Judge Swank properly concluded that the automobile exception to the warrant requirement justified the search of the Impala. Thus, defendant's objections are overruled.

Accordingly, with the modifications noted, the court ADOPTS the findings and conclusions in the M&R [D.E. 57] and DENIES defendant's motions to suppress [D.E. 25, 35].

SO ORDERED. This 2 day of February 2021.

J. Dever
JAMES C. DEVER III
United States District Judge

3